UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARIAN E DOHERTY, as
Guardian of Frances R.
Gorman and Executor of the
Estate of Patrick J. Gorman,

      Plaintiff,

v.                           Case No:  2:19-cv-145-FtM-29MRM

REGIONS BANK, an Alabama
corporation,

        Defendant/Third
        Party Plaintiff

BARBARA GORMAN and CAROLINE
SILHA,

      Third Party Defendants.

---

**OPINION AND ORDER**

This matter comes before the Court on review of defendant's Motion to Dismiss (Doc. #26) filed on May 20, 2019. Plaintiff filed a Response (Doc. #35) on June 17, 2019, and defendant filed a Reply (Doc. #43) on June 25, 2019. For the reasons set forth below, the motion is granted in part and denied in part.

**I.**

On April 30, 2019, Marian E. Doherty (Plaintiff), as the Guardian of Frances Gorman and Executor of the Estate of Patrick

Gorman[1], filed a two-count Amended Complaint against Regions Bank.[2]

Plaintiff asserts claims against Regions Bank for negligence (Count I) and breach of fiduciary duty (Count II).

According to the Amended Complaint (Doc. #21): On or about March 4, 2004, Patrick and Frances Gorman established a line of credit with Regions Bank in Naples, Florida. (Doc. #12, ¶ 6.) On or about February 2, 2011, Patrick and Frances Gorman opened a checking account with Regions Bank in Naples, Florida. (Id. ¶ 7.) On an unspecified date, Regions Bank accepted "an invalid and unexecuted power of attorney" which added "unauthorized individuals" to Patrick and Frances Gormans' shared checking account. (Id. ¶¶ 14, 22.) Patrick and Frances Gorman were subsequently the victims of a "theft of more than $320,000.00" from their Regions Bank accounts.[3] (Id. ¶ 19.)

---

[1] The Court refers to Patrick Gorman and Frances Gorman collectively as "the Gormans."

[2] Plaintiff initially filed this lawsuit in the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida. Regions Bank subsequently removed the action to this Court on the basis of diversity jurisdiction. (Doc. #1.)

[3] The Amended Complaint alleges that Regions Bank allowed an "unauthorized and improper advance" from the Gormans' line of credit in the amount of $100,000, and also allowed the "unauthorized and improper withdrawals and transfers of funds" from the Gormans' Regions Bank checking account in the amount of $116,000. (Doc. #21, ¶ 19.) It is unclear to the Court whether the alleged theft of $320,000 includes this $100,000 line of credit advance and $116,000 checking account withdrawal and funds transfer.

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially

plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

## III.

Regions Bank now moves to dismiss the Amended Complaint. As to Count I, Regions Bank argues that Plaintiff's negligence claim is (1) barred by the economic loss rule; and (2) preempted by the Uniform Commercial Code. As to Count II, Regions Bank argues that Plaintiff has failed to state a legally sufficient cause of action. The Court will address each point in turn below.

## A.    The Negligence Claim (Count I)

### (1)    Whether Count I is Barred by the Economic Loss Rule

Regions Bank argues that Count I is barred by the economic loss rule because Plaintiff "has not alleged any tortious act independent of the parties' contractual relationship." (Doc. #26, p. 8.)  The Court disagrees.

Historically under Florida law[4], the economic loss rule barred a plaintiff's claims "where the parties are in contractual privity

---

[4] This action is governed by Florida law. See Tech. Coating Applicators, Inc. v. U.S. Fid. & Guar. Co., 157 F.3d 843, 844 (11th

and one party seeks to recover damages in tort for matters arising out of the contract." Curd v. Mosaic Fertilizer, LLC, 39 So. 3d 1216, 1223 (Fla. 2010). The Florida Supreme Court, however, later "return[ed] the economic loss rule to its origin in products liability" and "limit[ed] the application of the economic loss rule to cases involving products liability." Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Companies, Inc., 110 So. 3d 399, 407 (Fla. 2013).

In a concurring opinion, Justice Pariente noted that, although the Tiara holding limited the economic loss rule to products liability cases, "in order to bring a valid tort claim, a party still must demonstrate that . . . the tort is independent of any breach of contract claim." Id. at 408. Whether Justice Pariente's approach controls is "still unclear" under Florida law, and district courts have taken different approaches to the economic loss rule following Tiara. Lamm v. State St. Bank & Tr., 749 F.3d 938, 947 (11th Cir. 2014); compare Kaye v. Ingenio, Filiale De Loto-Quebec, Inc., No. 13-61687-CIV, 2014 WL 2215770, at *4 (S.D. Fla. May 29, 2014)(finding that a party "must [still] allege action beyond and independent of breach of contract that amounts to an

---

Cir. 1998)("[A] federal court sitting in diversity jurisdiction applies the substantive law of the forum state.").

independent tort" (citations omitted)), with Carl's Furniture, Inc. v. APJL Consulting, LLC, No. 15-60023-CIV, 2015 WL 1467726, at *4 (S.D. Fla. Mar. 30, 2015)(noting that "the Florida Supreme Court has not adopted Justice Pariente's concurrence as controlling law").

The Court has previously found that after Tiara, "the economic loss rule does not bar claims in a non-products liability context." See Doherty v. Allianz Life Ins. Co. of N. Am., No. 2:18-CV-377-FTM-29NPM, 2019 WL 3934100, at *5 (M.D. Fla. Aug. 20, 2019); Zoom Tan, LLC v. Heartland Tanning, Inc., No. 2:12-CV-684-FTM-29, 2013 WL 5720140, at *5 (M.D. Fla. Oct. 21, 2013)("[T]he economic loss rule cannot serve as a basis for dismissing plaintiff's claims for negligent misrepresentation" because the Florida Supreme Court "confined the application of the economic loss rule to cases involving products liability."). Because this is not a products liability case, the economic loss rule does not bar Plaintiff's negligence claim. Id. Even if the economic loss rule did apply, however, Plaintiff's claim would not be barred because Florida law recognizes that the negligent disbursement of funds is an independent tort.[5] See Nat'l Title Ins. Co. v. Lakeshore 1 Condo. Ass'n, Inc., 691 So. 2d 1104, 1108 (Fla. 3d DCA 1997)("[O]ne who

---

[5] As discussed *infra*, however, such a claim may ultimately be preempted by the Uniform Commercial Code.

undertakes to act for another in the disbursing of funds is answerable for failure to do so with due care." (citation and quotation omitted)).

**(2)  Whether Count I is Preempted by the Uniform Commercial Code**

Regions Bank also argues that Plaintiff's negligence claim is preempted by the Uniform Commercial Code.  "Florida has adopted the provisions of the Uniform Commercial Code by statute" as set forth in chapters 670-680 of the Florida Statutes.  Warren Fin., Inc. v. Barnett Bank of Jacksonville, N.A., 552 So. 2d 194, 197 (Fla. 1989).  Relevant here, the Uniform Commercial Code (U.C.C.) "governs a specialized method of payment referred to . . . as a funds transfer but also commonly referred to in the commercial community as a wholesale wire transfer." Fla. Stat. § 670.102.

The U.C.C. was "intended to be the exclusive means of determining the rights, duties and liabilities of the affected parties *in any situation covered by particular provisions of the Article*."  Regions Bank v. Provident Bank, Inc., 345 F.3d 1267, 1274 (11th Cir. 2003)(emphasis in original)(quotation and citation omitted).  Because the U.C.C. only governs the situations "covered by its particular provisions," it is "not the exclusive means by which a plaintiff can seek to redress an alleged harm arising from a funds transfer."  Id. at 1274-75.  Thus, a plaintiff's common law claim is preempted by the U.C.C. *only* where such a claim

"create[s] rights, duties and liabilities *inconsistent* with those stated in" the U.C.C.  Id. at 1275 (emphasis in original).

Regions Bank asserts that the U.C.C. "expressly covers" a bank's liability for executing unauthorized funds transfers - the subject matter of Plaintiff's negligence claim.  In relevant part, the U.C.C. provides that:

> If a bank and its customer have agreed that the authenticity of payment orders issued to the bank in the name of the customer as sender will be verified pursuant to a security procedure, a payment order received by the receiving bank is effective as the order of the customer, whether or not authorized, if the security procedure is a commercially reasonable method of providing security against unauthorized payment orders and the bank proves that it accepted the payment order in good faith and in compliance with the security procedure and any written agreement or instruction of the customer restricting acceptance of payment orders issued in the name of the customer. The bank is not required to follow an instruction that violates a written agreement with the customer or notice of which is not received at a time and in a manner affording the bank a reasonable opportunity to act on it before the payment order is accepted.

Fla. Stat. § 670.202(2).  Regions Bank contends that Plaintiff's negligence claim is preempted by the U.C.C. because it is "inconsistent with the rights, liabilities, duties, remedies and defenses" of the U.C.C.  (Doc. #26, p. 10.)

The Amended Complaint alleges that Regions Bank was negligent by (1) allowing "unauthorized and improper withdrawals and transfers of funds" from the Gormans' checking account and line of credit; (2) allowing "unauthorized individuals to be added to" the

Gormans' checking account "with an invalid and unexecuted power of attorney"; (3) "[f]ailing to conduct any due diligence" after observing the Gormans' confusion and after receiving a request "to add Barbara Gorman to" the Gormans' checking account; and (4) "[v]iolating accepted standards and procedures in the industry that would have prevented the improper" funds transfers. (Doc. #21, ¶¶ 14, 19, 22.)

A claim that Regions Bank was negligent because it executed the unauthorized funds transfers or failed to comport with the relevant standards and procedures may be preempted by § 670.202(2). See Corfan Banco Asuncion Paraguay v. Ocean Bank, 715 So. 2d 967, 971 (Fla. 3d DCA 1998)(The U.C.C. "preempts [a] negligence claim" where "[t]he duty claimed to have been breached by [a bank] . . . is exactly the same duty established and now governed by the" U.C.C.). In contrast, a claim that Regions Bank negligently allowed "unauthorized individuals" to be added to the Gormans' account and allowed those "unauthorized individuals" to execute funds transfers is not preempted by the U.C.C. See Gilson v. TD Bank, N.A., No. 10-20535-CIV, 2011 WL 294447, at *9 (S.D. Fla. Jan. 27, 2011)("Because the crux of Plaintiffs' negligence claim is TD Bank's lack of care during the account openings, not the wire transfers, the Court finds that the negligence claim does not create rights, duties and liabilities *inconsistent* with those stated in" the U.C.C. (emphasis in original)); Rolle v. Branch

Banking & Tr. Co., No. 13-60976-CIV, 2014 WL 11638588, at *6 (S.D. Fla. May 28, 2014)("Because the claims presented in the proposed Second Amended Complaint are not based solely on the alleged wrongful wire transfers themselves, [plaintiff's] proposed common-law claims are not preempted by" the U.C.C.).

This potential preemption is an affirmative defense which cannot be determined at this stage of the proceedings. There has been no showing on the face of the Amended Complaint that the factual predicates of the U.C.C. statute have been satisfied, and Plaintiff is not required to negate a potential affirmative defense in the Amended Complaint. See Quiller v. Barclays Am./Credit, Inc., 727 F.2d 1067, 1069 (11th Cir. 1984)("[T]he existence of an affirmative defense will not support a motion to dismiss . . . [unless] the defense clearly appears on the face of the complaint." (citations omitted)); La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004)(A plaintiff is "not required to negate an affirmative defense in [her] complaint." (citation and quotation omitted)). Regions Bank's motion is therefore denied as to Count I.[6]

---

[6] Regions Bank also argues that to the extent Plaintiff alleges that Regions Bank "honored checks with unauthorized drawer's signatures," such a claim "is expressly covered by" Fla. Stat. § 674.401(1) and is therefore preempted by the U.C.C. (Doc. #26, p. 9.) For the same reasons discussed *supra*, it not clear from the face of the Amended Complaint that Plaintiff's negligence claim is preempted by this provision of the U.C.C.

**B.    The Breach of Fiduciary Duty Claim (Count II)**

Count II is a claim for breach of fiduciary duty.  It asserts that Regions Bank breached its fiduciary duty to Patrick and Frances Gorman by "allowing unauthorized and improper withdrawals, transactions and advances from the" Gormans' line of credit and checking account, "and by further accepting an invalid and unexecuted power of attorney."  (Doc. #21, ¶ 32.)  Regions Bank argues Plaintiff has failed to state a claim for breach of fiduciary duty because Plaintiff has not alleged facts plausibly demonstrating that Regions Bank owed the Gormans a fiduciary duty. The Court agrees.

The elements of a claim for breach of fiduciary duty under Florida law are "(1) the existence of a [fiduciary] duty, (2) breach of that duty, and (3) damages flowing from the breach." Crusselle v. Mong, 59 So. 3d 1178, 1181 (Fla. 5th DCA 2011)(citation omitted).  In general, "the relationship between a bank and its [customer] is that of creditor to debtor, in which parties engage in arms-length transactions, and the bank owes no fiduciary responsibilities." Capital Bank v. MVB, Inc., 644 So. 2d 515, 518 (Fla. 3d DCA 1994)(citations omitted).  However, a fiduciary duty may exist between a bank and its customer "under special circumstances where the bank knows or has reason to know that the customer is placing trust and confidence in the bank and is relying on the bank so to counsel and inform him" or her. Bldg.

Educ. Corp. v. Ocean Bank, 982 So. 2d 37, 41 (Fla. 3d DCA 2008)(quotation and citation omitted). Such "special circumstances include instances where the lender takes on extra services for a customer, receives any greater economic benefit than from a typical transaction, or exercises extensive control." Id. (quotation and citations omitted).

Aside from conclusory allegations that the Gormans "placed trust and confidence in Regions Bank" and that the Gormans "relied upon Regions Bank," the Amended Complaint contains no factual allegations plausibly indicating that Regions Bank "ha[d] reason to know that the [Gormans were] placing trust and confidence in [Regions Bank] and [were] relying on [Regions Bank] so to counsel and inform [them]." Ocean Bank, 982 So. 2d at 41.[7] The Amended Complaint's bare assertions are insufficient to plausibly allege the existence of a fiduciary relationship between the Gormans and Regions Bank.[8] Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir.

---

[7] In her Response, Plaintiff asserts that "[t]he special circumstances imposing a duty upon Regions Bank is [sic] . . . evident" because Regions Bank "undertook duties and responsibili[es] outside the transfer of funds process by attempting to assist [the Gormans] in other financial transactions." (Doc. #35, p. 9.) The Amended Complaint, however, contains no factual allegations detailing the duties and responsibilities that Regions Bank allegedly undertook.

[8] Regions Bank also argues that Count II is preempted by the U.C.C. However, because Plaintiff has failed to state a legally sufficient cause of action, the Court need not address whether

2011)("Legal conclusions without adequate factual support are entitled to no assumption of truth." (citations omitted)).

Because Plaintiff has not alleged any facts plausibly demonstrating that Regions Bank owed the Gormans a fiduciary duty, Plaintiff has failed to state a breach of fiduciary duty claim. Count II is therefore dismissed without prejudice.

Accordingly, it is now

**ORDERED**:

1.   Defendant's Motion to Dismiss (Doc. #26) is **GRANTED IN PART AND DENIED IN PART.**

2.    The motion is **GRANTED** as to Count II, which is **dismissed without prejudice.**

3.   The motion is **DENIED** as to Count I.

4.   Plaintiff may file an amended complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this ___9th___ day of December, 2019.

_____

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record

---

Plaintiff's breach of fiduciary duty claim is preempted by the U.C.C.