UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARIAN    E    DOHERTY,    as
Executor  of  the  Estate  of
Frances   R.   Gorman   and
Executor  of  the  Estate  of
Patrick J. Gorman,

        Plaintiff,

v.                                    Case No:  2:19-cv-145-FtM-29MRM

REGIONS   BANK,   an   Alabama
corporation,

        Defendant/Third
        Party Plaintiff

BARBARA GORMAN and CAROLINE
SILHA,

    Third Party Defendants.

_____

**OPINION AND ORDER**

    This matter comes before the Court on review of defendant's

Motion to Dismiss SAC Count II and to Defer Answer to Count I (Doc.

#61) filed on January 6, 2020.  Plaintiff filed a Response (Doc.

#63) on January 31, 2020.  The motion to dismiss is denied for the

reasons stated below.

**I.**

    Under Federal Rule of Civil Procedure 8(a)(2), a Complaint

must contain a "short and plain statement of the claim showing

that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

This obligation "requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

## II.

Defendant argues that plaintiff has failed to cure the defects with the filing of a Second Amended Complaint (Doc. #60) in stating a claim as to Count II. Defendant seeks to dismiss Count II with prejudice as it was previously dismissed without prejudice. Defendant also seeks to defer the filing of an answer as to Count I. The request to defer is granted to the extent that an answer is not required until fourteen days after a decision on the motion. Fed. R. Civ. P. 12(a)(4)(A).

On March 7, 2019, the case was removed from Collier County Circuit Court, Florida. On April 2, 2019, defendant filed a Motion to Dismiss (Doc. #14) to the original Complaint (Doc. #4). On April 30, 2019, plaintiff filed an Amended Complaint (Doc. #21) as a matter of course, and the Motion (Doc. #44) was denied as moot.

On May 20, 2019, defendant filed a Motion to Dismiss Amended Complaint (Doc. #26).  On December 9, 2019, the Court issued an Opinion and Order (Doc. #59) granting the motion in part as to Count II, and dismissing the count without prejudice.  On December 23, 2019, plaintiff filed a Second Amended Complaint (Doc. #60). Defendant now seeks to dismiss Count II only for failure to state a breach of fiduciary duty claim.

**III.**

In the previously filed Amended Complaint (Doc. #21), the following allegations were presented in Count II to show a fiduciary duty:

> 26. Patrick J. Gorman and Frances R. Gorman reposed trust and confidence in Regions Bank and relied upon Regions Bank with regard to the Line of Credit and Checking Account.
>
> 27. Regions Bank knew that Patrick J. Gorman and Frances R. Gorman placed trust and confidence in Regions Bank and relied upon Regions Bank with regard to the Line of Credit and Checking Account.
>
> 28. Since 2010, Regions Bank knew, or should have known, that Patrick J. Gorman and Frances R. Gorman were vulnerable adults because they would regularly go to Regions Bank to obtain transaction histories and required assistance with their banking including assistance outside the transfer of funds process.
>
> 29. Patrick J. Gorman and Frances R. Gorman's vulnerability and reliance upon Regions Bank constituted special circumstances creating a duty in addition to any contractual obligations between Regions Bank and Patrick and Frances Gorman. Moreover, Regions Bank undertook duties beyond the transfer of funds

> with regard to the services provided to
> Patrick J. Gorman and Frances R. Gorman.
>
> 30. The special circumstances imposing a duty
> upon Regions Bank is also evident from the
> June 5,2015 meeting with Regions Bank wherein
> Regions Bank undertook duties and
> responsibility outside the transfer of funds
> process by attempting to assist Frances R.
> Gorman in other financial transactions.
>
> 31. Regions Bank owed the Plaintiff a
> fiduciary duty in relation to the Line of
> Credit and Checking Account.

(Doc. #21.)

In the Opinion and Order, the Court outlined the applicable

law and concluded the allegations were insufficient:

> The elements of a claim for breach of
> fiduciary duty under Florida law are "(1) the
> existence of a [fiduciary] duty, (2) breach of
> that duty, and (3) damages flowing from the
> breach." Crusselle v. Mong, 59 So. 3d 1178,
> 1181 (Fla. 5th DCA 2011)(citation omitted). In
> general, "the relationship between a bank and
> its [customer] is that of creditor to debtor,
> in which parties engage in arms-length
> transactions, and the bank owes no fiduciary
> responsibilities." Capital Bank v. MVB, Inc.,
> 644 So. 2d 515, 518 (Fla. 3d DCA
> 1994)(citations omitted). However, a
> fiduciary duty may exist between a bank and
> its customer "under special circumstances
> where the bank knows or has reason to know
> that the customer is placing trust and
> confidence in the bank and is relying on the
> bank so to counsel and inform him" or her.
> Bldg. Educ. Corp. v. Ocean Bank, 982 So. 2d
> 37, 41 (Fla. 3d DCA 2008) (quotation and
> citation omitted). Such "special
> circumstances include instances where the
> lender takes on extra services for a customer,
> receives any greater economic benefit than
> from a typical transaction, or exercises

> extensive control." Id. (quotation and citations omitted).
>
> Aside from conclusory allegations that the Gormans "placed trust and confidence in Regions Bank" and that the Gormans "relied upon Regions Bank," the Amended Complaint contains no factual allegations plausibly indicating that Regions Bank "ha[d] reason to know that the [Gormans were] placing trust and confidence in [Regions Bank] and [were] relying on [Regions Bank] so to counsel and inform [them]." Ocean Bank, 982 So. 2d at 41.[] The Amended Complaint's bare assertions are insufficient to plausibly allege the existence of a fiduciary relationship between the Gormans and Regions Bank.[] Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) ("Legal conclusions without adequate factual support are entitled to no assumption of truth." (citations omitted)).

Doherty v. Regions Bank, No. 2:19-CV-145-FTM-29MRM, 2019 WL 6700422, at *4 (M.D. Fla. Dec. 9, 2019) (internal footnotes omitted).

In the Second Amended Complaint, plaintiff now alleges as to Count II:

> 26. Pursuant to the Regions Deposit Agreement, Regions Bank provided its account holders with (1) an account statement each statement period, (2) copies or images of checks, and (3) account activity provided through the internet if Regions Bank provides such access. These are the documents and access provided to the account holder as part of the Deposit Agreement.
>
> 27. Regions Bank took on extra services for Patrick and Frances Gorman as early as 2010 when Frances Gorman began routinely requesting transaction histories on their account and assistance in comprehending their account. Documentary evidence exists to show Regions

Bank provided these extra services for consecutive weeks in 2010. Regions Bank provided these extra services in early 2011 on a weekly basis and again in 2012. Obtaining transaction histories had become habit for the Gormans during this period in time and an extra service that resulted in no bank imposed fee.

28. These extra services provided by Regions Bank were not provided in accordance with the Deposit Agreement as no bank imposed fees were charged to Patrick and Frances Gorman for the research or assistance in comprehending their accounts.

29. These extra services were provided under special circumstances as Regions Bank knew that Patrick and Frances Gorman were placing trust and confidence in Regions Bank and relying upon Regions Bank to assist them with their accounts.

30. In June 2015, Regions Bank provided additional extra services with regard to the liquidation of Patrick Gorman's Annuity at Allianz Life Insurance Company of North America. On June 5,2015, Barbara Gorman drove her mother, Frances Gorman, to Regions Bank, and Regions Bank placed a call to Allianz Life Insurance Company of North America. The June 5,2015 recorded call between Regions Bank, Allianz Life Insurance Company of North America, Barbara Gorman and Frances Gorman reveal the confusion, incapacity, vulnerability and exploitation of Frances Gorman. The June 5,2015 recorded call further shows the extra services provided by Regions Bank wherein it undertook to assist Frances Gorman with the surrender of Patrick Gorman's annuity and transfer of funds to Regions Bank from Allianz Life Insurance Company of North America.

31. The extra services provided by Regions Bank to Patrick and Frances Gorman with regard to the periodic transaction histories, assistance in the comprehension of their

6

accounts, involvement in the liquidation of
Patrick Gorman's annuity and transfer of
annuity funds are special circumstances
wherein Regions Bank knew Patrick and Frances
Gorman were placing trust and confidence in
Regions Bank and relying on Regions Bank to
counsel and inform them.

(Doc. #60.)

"To establish a fiduciary relationship, a party must allege

some degree of dependency on one side, and some degree of

undertaking on the other side to advise, counsel and protect the

weaker party." Regions Bank v. Kaplan, No. 8:12-CV-1837-T-17MAP,

2013 WL 1193831, at *23 (M.D. Fla. Mar. 22, 2013), on

reconsideration in part, No. 8:14-CV-1837-T-17MAP, 2015 WL 1456697

(M.D. Fla. Mar. 30, 2015) (citing Watkins v. NCNB Nat. Bank of

Fla., N.A., 622 So. 2d 1063, 1065 (Fla. 3d DCA 1993)).  Plaintiff

specifically allege extra services under special circumstances at

no additional cost and outside of what is required under the

Deposit Agreement, along with the specific example of advising on

the transfer of funds from Allianz Life Insurance Company of North

America to defendant.  Plaintiff also alleges that Frances Gorman

was vulnerable and placed her trust in defendant.  This is

sufficient to state plausible claim, and the Court need not

consider the transcript of the June 5, 2019 telephone call.  The

motion will be denied.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss for Failure to State a Claim (Doc. #61) is **DENIED**.   Defendant shall file an answer within **FOURTEEN (14) DAYS** of this Opinion and Order.

DONE AND ORDERED at Fort Myers, Florida, this ___2nd___ day of June, 2020.

_____

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

8